IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOANNE JONES, on behalf of herself and similarly situated employees, | : : : | 2:13-cv-01662-CRE |
| Plaintiff, | : | |
| v. | : : | |
| ALLIANCE INSPECTION MANAGEMENT, LLC, | : : | |
| Defendant. | : : | |

**PLAINTIFF'S REPLY BRIEF IN FURTHER SUPPORT
OF HER CONDITIONAL CERTIFICATION MOTION**

Plaintiff Joanne Jones ("Plaintiff") respectfully submits this brief in reply to

Defendant's opposition, *see* Doc. 15 (hereinafter "Def. Brief"), and in further support of

her motion to conditionally certify the FLSA collective, *see* Doc. 8-9 (the "Motion").  As

discussed herein, Defendant's opposition does not justify its request that Field Service

Managers ("FSMs") be denied an opportunity to learn about this lawsuit through a

Court-supervised notice process and given the opportunity to participate in the

litigation.  Prompt notice in this case is especially urgent in light of the U.S. Department

of Labor's ("DOL") investigative findings that Defendant misclassified Plaintiff and

other FSMs as exempt from the FLSA's overtime premium protections in addition to the

fact that FSMs' statute of limitations continue to run without being tolled.

**I.      PLAINTIFF HAS MADE A MODEST FACTUAL SHOWING THAT FSMs
ARE SIMILARLY SITUATED.**

The Third Circuit has instructed that a class should be conditionally certified

pursuant to 29 U.S.C. § 216(b) if a plaintiff merely produces "some evidence, 'beyond

pure speculation,' of a factual nexus between the manner in which the employer's

alleged policy affected her and the manner in which it affected other employees."

*Symczyk v. Genesis Healthcare Corporation*, 656 F.3d 189, 192-93 (3d Cir. 2011).  This

lenient "modest factual showing" standard is necessary because, as this Court has

observed, "'time [is] of the essence' for purposes of FLSA notice '[b]ecause the . . .

statute of limitations is not tolled [until] a potential plaintiff opts in[to]' the proposed

collective action."  *Taylor v. Pittsburgh Mercy Health System, Inc.*, 2009 U.S. Dist.

LEXIS 40080, *2 (W.D. Pa. May 11, 2009); *see also Mueller v. CBS, Inc.*, 201 F.R.D.

425, 429 (W.D. Pa. 2001) ("to require conclusive findings of 'similar situations' before

providing notice [under § 216(b)] to absent class members 'would condemn any large

class claim . . . to a chicken and egg limbo in which the class could only notify all its

members to gather after it had gathered together all its members . . . .").

        As discussed in the Motion, conditional certification is appropriate here because

the record provides the Court with much more than "'pure speculation'" that

Defendant's overtime exempt classification of FSMs equally affected other potential opt-

in plaintiffs.  *See, e.g.*, Plf. Brief (Doc. 9) at 2-4, 8-9.  This includes the fact that all

potential opt-in plaintiffs:  (i) held the FSM job title;  (ii) were classified as overtime-

exempt;   (iii) were covered by the DOL investigation into the legality of Defendant's

classification policy;  (iv) are entitled to overtime premium pay according to the DOL;

(v) received a letter from DOL informing them that DOL's investigation is terminated;

and (vi) received a letter from Defendant's CEO Jim Yates explaining why Defendant

believes the DOL's findings lack merit.  *Id.*

        Defendant's opposition does not challenge the accuracy of Plaintiff's evidence or

provide the Court with ***any basis*** (through either counter affidavits, policy documents,

electronic communications, etc.) to find that FSMs are not similarly situated for

purposes of receiving notice.  The dearth of evidence in Defendant's opposition that

counters these common facts provides only more support for conditionally certifying the FLSA collective.

## II.   DEFENDANT'S ADMISABILITY ARGUMENTS SHOULD NOT PREVENT THE DISSEMINATION OF COURT-SUPERVISED NOTICE.

Defendant's opposition does not dispute the accuracy of the contents of the two letters attached to Plaintiff's Motion.[1]  Instead, Defendant merely argues that conditional certification is inappropriate because the DOL Letter and the Yates Letter from Defendant's **own** CEO is "unverified" and inadmissible hearsay.  *See generally*, Def. Brief (Doc. 15) at 8-9.  As discussed below, these arguments are unavailing.

### A.   Evidence Need Not Be Admissible to be Considered at Conditional Certification

Defendant argues that the Court should ignore both the DOL Letter and the Yates Letter because they are inadmissible hearsay.  However, evidence at the conditional certification stage need not be admissible to be considered by the Court.

Several district courts (including one within the Third Circuit) have held that due to the lenient conditional certification standard, plaintiffs can rely on evidence that may otherwise be inadmissible at trial.  *See, e.g.*, *Bredbenner v. Liberty Travel, Inc.*, 2009 U.S. Dist. LEXIS 67122, *4 n.1 (D.N.J. July 31, 2009); *Campbell v. Advantage Sales & Marketing, LLC*, 2010 U.S. Dist. LEXIS 87077, *8 (S.D. Ind. Aug. 24, 2010); *Anyere v. Wells Fargo, Co., Inc.*, 2010 U.S. Dist. LEXIS 35599, *8 n.1 (N.D. Ill. April 12, 2010); *Molina v. First Line Solutions, LLC*, 566 F. Supp. 2d 770, 778 n. 20 (N.D. Ill. 2007); *Crawford v. Lexington-Fayette Urban County Govt.*, 2007 U.S. Dist. LEXIS 6711, *5-13 (E.D. Ky. Jan. 26, 2007); *White v. MPW Industrial Services, Inc.*, 236 F.R.D. 363, 368-

---

[1] These are (i) a letter from Defendant's CEO Jim Yates to Plaintiff (the "Yates Letter"), *see* Doc. 9-1; and (ii) an October 29, 2013 letter from District Director Daniel Pasquil of the DOL's Wage and Hour Division to Plaintiff (the "DOL Letter"), *see* Doc. 9-2.

69 (E.D. Tenn. 2006).  This is because conditional certification is typically granted prior to full discovery, *see, e.g., Craig v. Rite Aid Corp.*, 2009 U.S. Dist. LEXIS 114785, *9 (M.D. Pa. Dec. 9, 2009), so any evidence that may be "inadmissible" in its current form can eventually be produced in an "admissible" fashion through discovery.

In an effort to avoid the DOL's conclusions and statements by its own CEO regarding Plaintiff and all other FSMs, Defendant relies on *Stainslaw v. Eire Indemnity Co.*, 2009 U.S. Dist. LEXIS 13812 (W.D.Pa. Feb. 20, 2009) to argue that only admissible evidence may be considered at the conditional certification stage.  *See* Def. Brief at 7. However, Judge Sean McLaughlin's holding in *Stanslaw*'s is not so broad.

In *Stainslaw*, the plaintiff sought conditional certification of a class based solely on the assertion in his supporting affidavit that "he 'was informed on repeated occasions by other adjusters'" that certain overtime practices he experienced "had been applied to other employees in [his] office."  2009 U.S. Dist. LEXIS 13812, at *4.  Since the *Stainslaw* plaintiff offered no other evidence that similarly situated employees existed besides the hearsay statements in his own declaration, Judge McLaughlin denied the conditional certification motion without prejudice.  *Id.* at *4-6.

However, other courts within the Western District of Pennsylvania have limited the application of *Stainslaw*.  In *Hall v. Guardsmark, LLC*, 2012 U.S. Dist. LEXIS 116129, *32-33 (W.D. Pa. Aug. 17, 2012), Judge Robert Mitchell rejected an employer's argument for a *per se* bar of inadmissible evidence at the conditional certification stage. Instead, Judge Mitchell merely held that inadmissible hearsay evidence ***used in support of affidavits from the named plaintiffs*** could not be considered at conditional certification:

This Court is not holding that "the law of this Circuit" prohibits Plaintiffs

from relying on hearsay in their affidavits, although it is noted that Plaintiffs have failed to cite a single case from within the Third Circuit that so holds. ***Rather, the Court concludes, based upon a review of many decisions discussing this issue, that the better-reasoned line of cases recognizes that hearsay should not be accepted in support of affidavits from the named plaintiffs for class certification.*** To permit the named plaintiffs to obtain conditional certification by attesting to policies applied to them and then stating that they "believe" other employees were subjected to the same policies would in effect result in automatic preliminary certification, which is at odds with the modest factual showing standard approved of by the Court of Appeals in *Symczyk*.

*Id.* at \*32-33 (emphasis supplied and internal citations omitted).

Here, the assertions in the DOL Letter and Yates Letter are much more expansive (in addition to being from more trustworthy sources) than the hearsay statements in the affidavits of the named plaintiffs in *Stainslaw* and *Hall*.  Thus, the Court should consider them as part of its similarly situated analysis.

## B.     The Evidence Offered by Plaintiff is Not Inadmissible Hearsay.

Even if the Court were to hold that only admissible evidence can be considered at the conditional certification stage, the letters at issue should not be excluded as inadmissible hearsay:

### 1.      The Yates Letter is Not Hearsay Under F.R.E. 801(d)(2).

As discussed in Plaintiff's Motion, she received the signed Yates Letter in late 2013 from Defendant's Chief Executive Officer on Defendant's letterhead.  The Federal Rules of Evidence exempt as hearsay:

> An Opposing Party's Statement. The statement is offered against an opposing party and:
> (A) was made by the party in an individual or representative capacity;
> (B) is one the party manifested that it adopted or believed to be true;
> (C) was made  by a person whom the party authorized to make a statement on the subject;
> (D) was made by the party's agent or employee on a matter within the

5

scope of that relationship and while it existed; or
(E) was made by the party's coconspirator during and in the furtherance of
the conspiracy.

F.R.E. 801(d)(2).   Defendant does not deny that its CEO signed this letter or that it was

sent to Plaintiff.   Nor can Defendant reasonably argue that as its CEO, Mr. Yates was not

authorized to make statements on the subject of Defendant's classification of FSMs or

the DOL investigation.   Thus, the Yates Letter is admissible under F.R.E. 801(d)(2)(C).

> 2.      *The DOL Letter is an Exemption to Hearsay under F.R.E. 803(8).*

Defendant also asks the Court to ignore as hearsay the October 29, 2013 DOL

Letter to Plaintiff stating that Defendant "violated the FLSA by misclassifying [Plaintiff]

as an exempt employee and failed to pay proper Overtime pay."   However, the DOL

Letter falls squarely within the Public Records exception to hearsay provided in F.R.E.

803(8).   The Public Records hearsay exception includes:

A record or statement of a public office if:
(A) it sets out:
(i) the office's activities;
(ii) a matter observed while under a legal duty to report, but not including,
in a criminal case, a matter observed by law-enforcement personnel; or
(iii) **in a civil case or against the government in a criminal case,
factual findings from a legally authorized investigation; and**
(B) **neither the source of information nor other circumstances
indicate a lack of trustworthiness.**

F.R.E. 803(8) (emphasis supplied).   The statements by District Director Pasquil

concerning the DOL's findings following an investigation of Defendant's classification of

FSMs clearly were part of a legally authorized investigation.   Furthermore, Defendant

offers no basis to question the trustworthiness of the statements in the DOL Letter.

At least two district courts have held that DOL investigative records are not only

relevant to the similarly situated analysis, but also fit within the Public Records hearsay

exception.   In *Cooper v. E. Coast Assemblers, Inc.* the Southern District of Florida

rejected a similar attempt by an employer to avoid evidence of DOL findings at the

conditional certification stage, holding:

> Defendants suggest that Plaintiff's evidence of the Department of Labor's investigation is not relevant and is inadmissible hearsay.  ***The Court finds that a Department of Labor investigation into the same pay practices Defendants are alleged to have committed here is relevant to whether other similarly situated assemblers may desire to opt-in to this action.***  As to Defendants' hearsay objection, the Court finds that, at this stage of the litigation, it is sufficient to state that any records associated with the investigation and any statements within those records likely fall under exceptions to the hearsay rule.  *See, e.g.*, Fed. R. Evid. 803(8).

2013 U.S. Dist. LEXIS 10435, *7 n.2 (S.D. Fla. Jan. 24, 2013) (emphasis supplied).

Similarly, in *Holliday v. J.S. Express, Inc.*, the Eastern District of Missouri conditionally

certified an FLSA class based on DOL investigative materials that it also held were

within the Public Records exception.  2013 U.S. Dist. LEXIS 75816 *10-20 (E.D. Mo.

May 30, 2013).[2]  Similarly, the DOL Letter here is not inadmissible hearsay evidence.

## III.   DEFENDANT PREVIOUSLY RELIED ON THE SAME DOL INVESTIGATION OF ITS FSMs TO SEEK A STAY IN A SEPARATE FLSA COLLECTIVE ACTION THAT WAS SETTLED PRIOR TO THAT DISTRICT COURT RULING ON CONDITIONAL CERTIFICATION.

Defendant attempts to have the Court ignore the DOL Letter in this case and its

statements regarding Defendant's classification of FSMs nationwide by characterizing it

as "unverified" and thus inadmissible.  *See, e.g.*, Def. Brief at 8.  However, Defendant

has not only previously acknowledged the existence of this DOL investigation, but cited

to it in support of a motion to stay of a similar collective action that eventually was

settled for five FSMs prior to that district court ruling on conditional certification.

---

[2] Even if the Court were to find that the DOL Letter does not fit within the Public Records Exemption, it would still be admissible under F.R.E. 807's Residual Exception to hearsay.

In January 2012, a former FSM brought suit against Defendant in the Middle District of Florida alleging that he and other vehicle inspectors were misclassified as overtime exempt from the FLSA. *See Helmin v. Alliance Inspection Management, LLC*, 8:12-cv-122-EAK-AEP (M.D.Fla.).[3]  In October 2012, the *Helmin* plaintiff moved for conditional certification of a class of individuals who performed vehicle inspections for Defendant that held the job titles of, *inter alia*, "Field Service Managers."  *See Helmin* Doc. 28, attached as Exhibit D, at 1.  In support of his conditional certification motion, the *Helmin* plaintiff attached declarations from himself and four other FSMs who had joined that case pursuant to 28 U.S.C. § 216(b).  *Id.* at Docs. 28-1, 28-4.[4]

Before the Middle District of Florida could rule on the *Helmin* plaintiff's motion for conditional certification, Defendant sought a stay based on a DOL "nationwide action against the Defendant involving the very same position at issue in [the *Helmin*] lawsuit."  *See* Doc. 31, attached as Exhibit E, at 1.  In this filing, Defendant asserted:

> The Department of Labor has informed Defendant that it is nearing completion of its investigation of the exact issue presented in this lawsuit, the exempt status of Defendant's vehicle inspectors.  The Department has already informed Defendant of its preliminary findings.  Defendant is presently in communications with the Department to schedule a closing conference and mediation.  The Department's investigation covers Defendant's vehicle inspectors, nationwide, back to July 26, 2009.
> The Department's preliminary conclusion, as reported to Defendant, that the inspection duties performed by Plaintiff are <u>exempt</u>. However, the Department has also concluded that auditing duties, which are performed by some others who share Helmin's job title, are nonexempt.  Based on that finding, the Department has already calculated back wages it is demanding should be paid to hundreds of individuals, <u>including Plaintiff Helmin</u>.
> Defendant strenuously disagrees both with [t]he Department's conclusion that auditing duties are nonexempt and with the Department's conclusions concerning amounts that would be owed if those duties were

---

[3] A copy of the *Helmin* docket is attached as Exhibit C.
[4] Three of these five party-plaintiffs worked for Defendant during the three year period prior to Plaintiff filing her Complaint in this case.  *Id.*

> nonexempt.    The Department and the Defendant have agreed to mediation.  If the case is settled at mediation and the parties agree to follow the process the Department typically requires in negotiated settlements, Defendant would mail settlement checks to those individuals covered by the settlement.  Accordingly, Helmin and the putative plaintiffs in this lawsuit may be receiving settlement checks in the Department's action.

*Id.* at 2-3 (emphasis in original); *see also id.* at 4 ("[The] Department of Labor has already answered the very same questions concerning exempt status that are at issue in this lawsuit, and has already reported findings on liability and back wages.  Accordingly, under the circumstances of this case, and the Department of Labor investigation, a stay will eliminate substantial unnecessary burden and expense, and will eliminate the risk of inconsistent results, with essentially no prejudice.").[5]

Defendant's characterization in *Helmin* of the DOL's investigation into the classification of FSMs not only verifies the statements contained in the DOL Letter here, but provides further evidence of other FSMs who are similarly situated to Plaintiff.

## IV.  Conclusion

For the above reasons, as well as the reasons originally discussed in her moving papers, Plaintiff's Motion should be granted.

Date:  February 6, 2014                                Respectfully,

                                                       /s/ R. Andrew Santillo
                                                       Peter Winebrake
                                                       R. Andrew Santillo
                                                       Mark J. Gottesfeld
                                                       WINEBRAKE & SANTILLO, LLC
                                                       715 Twining Road, Suite 211
                                                       Dresher, PA 19025
                                                       Phone:  (215) 884-2491

---

[5] The *Helmin* matter was ultimately settled on behalf of only the named plaintiff and the four opt-in plaintiffs prior to the court ruling on either the conditional certification motion or Defendant's motion to stay based on the DOL investigation.  *See Helmin* Docs. 53 and 58, attached as Exhibit F.