IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOANNE JONES,<br>*on behalf of herself and similarly<br>situated employees*<br>    Plaintiff,<br><br>    v.<br><br>ALLIANCE INSPECTION<br>MANAGEMENT, LLC,<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 13-1662<br>United States Magistrate Judge<br>Cynthia Reed Eddy |

## MEMORANDUM AND ORDER GRANTING
## MOTION FOR CONDITIONAL CERTIFICATION

Plaintiff Joanne Jones has filed a motion pursuant to section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b), for conditional certification of an FLSA collective class consisting of "All Field Service Managers employed by Defendant in the United States during any workweek within the past three years." Plaintiff's Motion for Conditional Certification (ECF No. 8). Plaintiff has produced substantial evidence that shows a factual nexus between the manner in which Alliance Inspection Management, Inc.'s ("AIM's") overtime policy affected her and other FSMs, which satisfies the "modest factual showing" needed for this Court to grant conditional certification.

### Plaintiff's Complaint.

On behalf of herself and similarly situated employees, Ms. Jones brings this class/collective action lawsuit against AIM for relief under the FLSA, 29 U.S.C. §§ 201, et seq.,

1

and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, et seq.[1] Complaint (ECF No. 1), at 1, based upon the following allegations.

AIM owns a business that inspects vehicles and audits automobile dealership inventories throughout the United States. Plaintiff and other employees hold the job title of Field Service Manager ("FSM"), performing routine work associated with Defendant's vehicle inspections and dealership audits. *Id.* at ¶¶ 9-10. Plaintiff has been employed as an FSM since approximately August 2009, and is paid a fixed salary, as are other FSMs. *Id.* at ¶¶ 11-12. Plaintiff alleges that she and other FSMs regularly work over 40 hours per week without compensation for overtime work. *Id.* at ¶¶ 13-14.

Ms. Jones further alleges that in or about 2011, the Wage and Hour Division of the United States Department of Labor ("DOL") began investigating whether Defendant violated the FLSA by failing to pay overtime premium compensation to FSMs, and in or about 2012, it determined that AIM had violated the FLSA by failing to pay overtime premium compensation to its FSMs. *Id.* at ¶¶ 15-16. After making its investigatory findings, Plaintiff avers that DOL unsuccessfully attempted to negotiate a settlement, and thereafter, on October 29, 2013, sent Plaintiff a letter informing her of its investigatory findings, of Defendant's refusal to settle, and of her right to pursue this private civil action. *Id.* at ¶¶ 17-18.

**FLSA Standards for Conditional Certification.**

In deciding whether a suit brought under section 216(b) of the FLSA may move forward as a collective action, courts typically employ a two-tiered analysis. *Symczyk v. Genesis*

---

[1] Plaintiff's FLSA claim is asserted as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), while her PMWA claim is asserted as a class action pursuant to Federal Rule of Civil Procedure 23.1.

2

*HealthCare Corp.*, 656 F.3d 189, 192 (3d Cir. 2011), *rev'd on other grounds*, —— U.S. ——, 185 L.Ed.2d 636 (2013). First, the plaintiff must show that proposed class members are similarly situated. If the plaintiff satisfies this burden, the court will conditionally certify the class, which allows for notice to proposed class members and discovery. *Id.* In order to satisfy the burden for conditional certification, the plaintiff must make a "modest factual showing" that the employees in the proposed class are similarly situated. This is a lenient standard, requiring the plaintiff to produce "some evidence, 'beyond pure speculation,' of a factual nexus between the manner in which the employer's alleged policy affected her and the manner in which it affected other employees." *Id.* at 192–93 (quoting *Smith v. Sovereign Bancorp, Inc.*, 2003 WL 22701017, at *3 (E.D.Pa. 2003)).

Following discovery and a fuller record than that considered at the conditional certification stage, "a court following this approach then makes a conclusive determination as to whether each plaintiff who has opted in to the collective action is in fact similarly situated to the named plaintiff. . . . 'This second stage is less lenient, and the plaintiff bears a heavier burden.'" *Id.* at 193 (quoting *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1261 (11th Cir. 2008)). *See also Lucke v. PPG Indus., Inc.*, 2013 WL 6577772, *1 (W.D.Pa. 2013) ("under the law as construed by the District Courts of this Circuit, and the corresponding lenient standard of review that this Court must employ, the Court will grant Plaintiff's motion for conditional certification without prejudice for Defendant to file a motion to de-certify the collective action at the appropriate time following notice and discovery"); *Vargas v. General Nutrition Centers, Inc.*, 2012 WL 3544733, *8 (W.D.Pa. 2012) (although "Defendants argue that dissimilarities between potential opt-in plaintiffs are relevant to the issue of whether they are similarly situated, 'at this preliminary stage of the case, these differences among proposed class members and the potential

impact of FLSA exemptions do not undermine Plaintiff['s] modest factual showing'") (quoting *Scott v. Bimbo Bakeries, Inc.*, 2012 WL 645905 (E.D.Pa. 2012)).

**Plaintiff's Motion for Conditional Certification.**

Plaintiff attached to her motion for conditional certification (1) a letter to Ms. Jones from Jim Yates, AIM's CEO, regarding (2) the letter from DOL notifying FSMs of its investigation into alleged FLSA overtime pay violations, and of AIM's position in the DOL litigation, namely, that Ms. Jones and other FSMs were exempt from FLSA overtime regulations. *See* Exhibits A and B, respectively, Brief in Support of Plaintiff's Motion for Conditional Certification (ECF No. 9-1 and 9-2). Both letters appear to be form letters.

From these letters, it may reasonably be inferred that all employees holding the FSM job title were classified as overtime-exempt by the employer; all were covered by the DOL investigation into the legality of that classification policy; DOL deemed the FSMs to be entitled to overtime premium pay; the FSMs *en masse* received a letter from DOL informing them its investigation was terminated and that, because it did not have resources, it would not pursue further litigation but the FSMs had the right to do so; and that AIM's FSMs received a letter from CEO Yates explaining why AIM believes they are exempt despite DOL's position and findings to the contrary.

Attached to her Reply Brief in Further Support of Her Motion for Conditional Certification (ECF No. 19) are Exhibits C-F, documents generated in an FLSA overtime pay lawsuit in the Middle District of Florida by a former FSM of Defendant. In *Helmin v. Alliance Inspection Management, LLC*, 8:12-cv-122-EAK-AEP (M.D.Fla.), plaintiff moved for conditional certification of a class of individuals who performed vehicle inspections for Defendant that held the job titles of, inter alia, "Field Service Managers." Defendant ultimately

settled that case, but at one point sought to stay that proceeding because of the nationwide DOL investigation wherein DOL demanded that back overtime pay be made to "hundreds of individuals," including the representative FSM Plaintiff in that case. Exhibit E, AIM's Motion for Entry of Stay in *Helmin*, (ECF No. 19-3, at 2).

Ms. Jones also filed Plaintiff's Supplement to Her Pending Motion for Conditional Certification (ECF No. 22), attaching three additional exhibits - DOL documents Plaintiff received in response to her FOIA requests. These documents indicate there were many other FSMs included in DOL's company-wide investigation of AIM's overtime practices, including Ms. Jones, and contain DOL's calculation of damages for overtime pay violations in an aggregate amount in excess of $1,500,000.00. *Id.*, Exhibits G, H and I (ECF No. 22-1, 22-2, 22-3, respectively).

Plaintiff has produced a great deal of compelling evidence that shows she is in a class of similarly situated FSMs who were the subject of the DOL's nationwide investigation into AIM's alleged overtime pay violations, and that there is a factual nexus between the manner in which AIM's overtime policy (deeming FSMs to be exempt from FLSA's overtime requirements) affected her and other FSMs. The Court finds, therefore, that Plaintiff has far surpassed the "modest factual showing" she needs for this Court to conditionally certify a collective class.

**AIM's arguments against conditional certification.**

Defendant does not dispute the authenticity of Exhibits A and B (or that of the other exhibits), and does not dispute Plaintiff's inference that the letter CEO Yates sent to Ms. Jones was a form letter sent to all FSMs who had received form letters from DOL. Instead, defendant maintains this Court cannot consider Exhibits A or B because they constitute inadmissible hearsay. This Court is not persuaded that courts impose a blanket prohibition against

5

consideration of hearsay or other arguably inadmissible-at-trial evidence in a conditional certification determination, *see Bredbenner v. Liberty Travel, Inc.,* 2009 WL 2391279, *2, n.1 (D.N.J. 2009), but assuming Defendant is correct, the short answer is that these exhibits *are admissible* under the Federal Rules of Evidence. Exhibit A, the letter from CEO Yates, is not hearsay and is admissible pursuant to Fed.R.Evid. 801(d)(2) (statement of opposing party). Exhibit B is admissible as a Public Record exception to the hearsay rule pursuant to Fed.R.Evid. 803(8).[2]

Defendant also insists that Plaintiff cannot make a "modest factual showing" of a nexus between the manner in which AIM's overtime policy deeming FSMs to be exempt employees affected her and other FSMs unless she produces affidavits or declarations of other members of the putative collective class of FSMs. AIM argues that

> [d]espite several opportunities to present evidence of a nexus between herself and any other employee, Plaintiff has completely failed to do so. Instead, Plaintiff has attached hearsay documents to her moving papers, which fail to identify a single potential plaintiff other than herself in this action. No affidavit or declaration is presented by any person who believes himself or herself to be a victim of a wage violation, nor is there a single other person who expresses any interest in Jones' case.

Defendant's Sur-reply Memorandum in Opposition (ECF No. 26), at 1.

Defendant further contends that, in "order for Ms. Jones to make such a showing, she is required to come forward with affidavits/declarations from other individuals who were purportedly misclassified and who were paid in violation of the FLSA." *Id.* at 2. Defendant cites no authority for this proposition, but immediately after that sentence, states: "Courts

---

[2] The statements by the District Director concerning the DOL's findings following an investigation of Defendant's classification of FSMs were part of a legally authorized investigation. Moreover, AIM offers no basis to question the trustworthiness of the statements in the DOL Letter.

6

conditionally certify collective actions where such a nexus is established 'based upon employee affidavits setting forth a defendant's plan or scheme to not pay overtime compensation and identifying by name similarly situated employees.' *Cano v. Four M Food Corp.,* No. 08-3005, 2009 WL 5710143, at *5 (E.D. N.Y. 2009) (and cases cited). *See also Reyes v. AT&T Mobility Svs., LLC,* 759 F.Supp.2d 1328, 1331 (S.D. Fla. 2010)." *Id.* at 2-3.

While it is certainly true that courts conditionally certify collective actions where the requisite nexus is established by employees' affidavits and declarations setting forth an employer's plan or scheme to deny overtime compensation, the cases cited by Defendant do not hold that *only* affidavits and declarations will suffice. *At least* as compelling (for conditional certification purposes) as affidavits of a handful of putative class members is the evidence mounted by Plaintiff in her motion for conditional certification, including AIM's inconsistent litigation position in the *Helmin* case indicating there were hundreds of FSMs affected by the DOL investigation,[3] and its CEO's letter to FSMs in response to DOL's form notification of its investigation and of the FSMs' right to pursue private civil remedies.

**Conclusion.**

From the foregoing discussion, the Court does not hesitate to find that Plaintiff has met the lenient standards by which a motion to conditionally certify a collective class is gauged. Accordingly, Plaintiff's Motion for Conditional Certification (ECF No. 8) is **GRANTED**.

**IT IS FURTHER ORDERED** that the following FLSA collective is conditionally certified pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §

---

[3] AIM does not address the *Helmin* litigation or Plaintiff's exhibits generated in that case and attached to her briefs.

7

216(b): All Field Service Managers employed by Defendant in the United States during any workweek within the past three years.

On or before April 29, 2014, the parties shall jointly submit to the Court proposed language for a notification form to be approved by the Court informing potential plaintiffs of their right to join this action as party plaintiffs. In drafting the proposed notification language, the parties should "be scrupulous to respect judicial neutrality" and "take care to avoid even the appearance of judicial endorsement of the merits of the action." *Hoffman-LaRoche Inc. v. Sperling*, 493 U.S. 165, 174 (1989).

On or before May 1, 2014, Defendant shall provide Plaintiff's counsel with the name and last known address and phone number of every member of the conditionally certified FLSA collective.

DATED: <u>April 24, 2014</u>

                                         <u>/s Cynthia Reed Eddy</u>
                                         Cynthia Reed Eddy
                                         United States Magistrate Judge

cc: all ECF registered counsel