IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOANNE JONES, | ) | |
| *on behalf of herself and similarly* | ) | |
| *situated employees* | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | Civil Action No. 13-1662 |
| | ) | United States Magistrate Judge |
| ALLIANCE INSPECTION | ) | Cynthia Reed Eddy |
| MANAGEMENT, LLC, | ) | |
|     Defendant. | ) | |

**MEMORANDUM AND ORDER GRANTING
MOTION FOR CONDITIONAL CERTIFICATION**

On April 24, 2014, this Court issued a Memorandum and Order (ECF No. 27) granting Plaintiff Joanne Jones' motion pursuant to section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b), for conditional certification of an FLSA collective class. The Order read as follows:

> From the foregoing discussion, the Court does not hesitate to find that Plaintiff has met the lenient standards by which a motion to conditionally certify a collective class is gauged. Accordingly, Plaintiff's Motion for Conditional Certification (ECF No. 8) is GRANTED.
>
> IT IS FURTHER ORDERED that the following FLSA collective is conditionally certified pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b): All Field Service Managers ["FSMs"] employed by Defendant [Alliance Inspection Management, Inc., or "AIM"] in the United States during any workweek within the past three years.
>
> On or before April 29, 2014, the parties shall jointly submit to the Court proposed language for a notification form to be approved by the Court informing potential plaintiffs of their right to join this action as party plaintiffs. In drafting the proposed notification language, the parties should "be scrupulous to respect judicial neutrality" and "take care to avoid even the appearance of judicial endorsement of the merits of the action." *Hoffman-LaRoche Inc. v. Sperling*, 493 U.S. 165, 174 (1989).

1

On or before May 1, 2014, Defendant shall provide Plaintiff's counsel with the name and last known address and phone number of every member of the conditionally certified FLSA collective.

On April 29, 2014, Ms. Jones filed Plaintiff's Proposed Language for the FLSA Notice Form (ECF No. 28), which represents that counsel for AIM did not submit its response to Plaintiff's proposed FLSA Notice Form in sufficient time to permit their differences to be ironed out by the April 29, 2014 deadline for submission of a Joint Proposed Notice Form. Accordingly, Plaintiff submitted her Proposed Notice Form as Exhibit A and Defendant's Proposed Notice Form as Exhibit B. (ECF No. 28-1 and 28-2, respectively).

It appears to this Court that many of the differences between the competing Proposed Notice Forms are stylistic or formatting disagreements, although there certainly are some substantive differences as well.[1] The Court deems it advisable to have the parties work out their differences in the language of the Proposed Notice Form, and is confident they can do so after counsel meet and confer in good faith to achieve a mutually acceptable Notice Form. To that end, the Court issues the following Order:

AND NOW this 30th day of April, 2014,

IT IS HEREBY ORDERED that on or before May 9, 2014, counsel shall meet and confer in person, unless both sides agree to confer by telephone, in a good faith attempt to resolve differences in the language and terms of the Notice Form. A Joint Proposed Notice Form shall be filed with the Court on or before May 14, 2014.

---

[1] For example, Plaintiff proposes a 60 day period within which a notified FSM can return the completed Consent to Join Form, but AIM proposes a 30 day window. The Court is inclined toward the longer, 60 day period, but will not resolve the matter unless the parties are unable to reach agreement after counsel meets and confers pursuant to this Order.

In the event the parties are unable to resolve their differences and agree on the language and terms of the Notice Form, each party shall submit a Proposed Notice Form on or before May 14, 2014. The Court will review the competing forms and select the one that most fairly, adequately and neutrally informs potential collective class members of the FLSA litigation, this Court's Order conditionally certifying the collective class, their options to opt-in or decline to join, and the consequences of their election.

DATED: <u>April 30, 2014</u>

<u>/s Cynthia Reed Eddy</u>
Cynthia Reed Eddy
United States Magistrate Judge

cc: all ECF registered counsel